UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| **MICHAEL K. BEARD**, individually and on behalf of others similarly situated,<br><br>        Plaintiff,<br>vs.<br><br>**OMNICELL, INC.**,<br><br>        Defendant. | Civil Case No.:<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>**JURY DEMAND** |

Plaintiff **Michael K. Beard**, individually and on behalf of all others similarly situated, by and through his attorneys, JTB Law Group, LLC and Greg Coleman Law PC, hereby brings this Complaint against Defendant **Omnicell, Inc.**, and alleges of his own knowledge and conduct and upon information and belief as to all other matters, as follows:

### PRELIMINARY STATEMENT

1. Plaintiff brings this action, individually and as a collective action on behalf all others similarly situated, against Defendant Omnicell, Inc. to recover unpaid overtime wages, liquidated damages, costs, and attorneys' fees for its willful violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

2. Defendant was sent two pre-suit letters to discuss this matter and did not reply.

3. Defendant violated its statutory obligations to pay non-exempt hourly paid IT Support Engineers proper overtime wages by:

    a. Failing to pay them for time worked during meal break and post-shift;

    b. Unlawfully requiring them to "comp" their time in lieu of overtime wages, which

is not permitted for private-sector employers[1]; and

  c. Failing to include all remuneration, specifically the non-discretionary bonus descried herein, in the IT Support Engineers' *regular rate of pay* before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e) and 29 CFR Part 778.

  4. As a result, Defendant failed to properly pay IT Support Engineers overtime wages at a rate not less than one and one-half (1.5) times their *regular rate of pay* for all hours they worked in excess of forty (40) per week, in violation of 29 U.S.C. § 207(a)(1).

  5. Plaintiff asserts the FLSA claims not only individually, but also on behalf of a putative FLSA Collective, defined as:

> *All IT Support Engineers employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

  6. Plaintiff seeks to send a Notice pursuant to 29 U.S.C. § 216(b) to all IT Support Engineers of Defendant permitting them to assert FLSA claims in this Collective Action by filing their individual consent forms.

  7. For at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed widespread violations of the above-described statutes in the manner described herein.

## JURISDICTION AND VENUE

  8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves the FLSA, a federal statute.

  9. The Court has personal jurisdiction over Defendant because it engaged in systematic and continuous contacts with the State of Tennessee by, *inter alia*, employing

---

[1] *See* U.S. Department of Labor Fact Sheet #7 (https://www.dol.gov/whd/regs/compliance/whdfs7.htm) (last accessed March 20, 2018).

individuals to work out of Tennessee, including Plaintiff, and Plaintiff's claims arise out of those contacts.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial portion of the events or omissions giving rise to this action occurred in this District and Defendant is subject to personal jurisdiction in this District.

## THE PARTIES

### *Defendant*

11. Defendant **Omnicell, Inc.** is a for-profit entity created and existing under and by virtue of the laws of the State of Delaware.

12. Defendant maintains a principal place of business at 590 E. Middlefield Rd., Mountain View, CA 94043-4008.

13. Defendant is actively operating and doing business in the State of Tennessee and this District.

14. According to the Tennessee Secretary of State website, Defendant maintains a registered agent Corporation Service Company at 2908 Poston Ave, Nashville, TN 37203-1312.

15. Defendant is in the business of "provid[ing] automation and business analytics software solutions for medication and supply management in healthcare worldwide.[2]"

### *Plaintiff*

16. Plaintiff **Michael K. Beard** is currently a resident of the State of Tennessee.

17. Plaintiff was employed by Defendant as a non-exempt hourly paid IT Support Engineer at the 443 Donelson Pike, Suite 200, Nashville, TN 37214 location from approximately November 2013 through February 2017.

---

[2] *See* Bloomberg website: https://www.bloomberg.com/research/stocks/private/snapshot.asp?privcapId=32401 (last accessed March 19, 2018).

18. Plaintiff's Consent to Sue form is attached hereto as Exhibit 1.

## FACTUAL ALLEGATIONS

19. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

20. At all relevant times, Defendant has operated and controlled an enterprise engaged in commerce as defined under the FLSA.

21. At all relevant times, Defendant has generated over $500,000.00 in revenue per year.

22. At all relevant times, Defendant had two (2) or more employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce.

23. At all relevant times, Defendant was the "employer" of Plaintiff and the putative FLSA Collective members within the meaning of 29 U.S.C §203(d).

24. At all relevant times, Plaintiff and the putative FLSA Collective members were "employees" of Defendant within the meaning of 29 U.S.C. § 203(e)(1).

25. At all relevant times, Defendant "suffered or permitted" Plaintiff and the putative FLSA Collective members to work and thus "employed" them within the meaning of 29 U.S.C. § 203(g) of the FLSA.

26. At all relevant times, Defendant, directly or indirectly, hired Plaintiff and the putative FLSA Collective members; controlled their work schedules and conditions of employment; and determined the rate and method of the payment of wages.

27. At all relevant times, Defendant maintained control, oversight, and direction over Plaintiff and putative FLSA Collective members, including the promulgation and enforcement of policies affecting the payment of their wages.

4

28. At all relevant times, Defendant employed Plaintiff and the putative FLSA Collective members as non-exempt hourly paid IT Support Engineers.

29. At all relevant times, the position of IT Support Engineer was classified as non-exempt.

30. Defendant required Plaintiff and the putative FLSA Collective members to regularly work over forty (40) hours per week.

31. Plaintiff's hourly rate was $25 when he was hired in November 2013.

32. Plaintiff's hourly rate was $26.44 when he left the company in February 2017.

33. Plaintiff's schedule was Monday to Friday, 5 days a week.

34. Plaintiff had an 8-hour daily work schedule from 8:30 am to 5:00 pm including a 30-minute meal break.

35. Despite Plaintiff's schedule, Defendant required Plaintiff to regularly work over forty (40) hours per week.

36. Plaintiff sometimes was required to perform work during lunch breaks. He did not receive *bona fide* meal breaks, i.e., completely relieved from duties for the purposes of eating regular meals. *See* 29 CFR § 785.19.

37. Plaintiff was regularly required to continue performing post-shift work after 5 pm, which work include, among others, testing and running programs, assembling computer/laptops, packaging and preparing for shipping of devices such as phones, printers, etc., and bringing packages to FedEx and UPS stores to ship, etc.

38. Defendant, through its IT manager, prohibited Plaintiff from reporting his actual work hours including overtime.

5

39. Defendant, through its IT manager, required Plaintiff to perform off-the-clock work including overtime for which he was not compensated.

40. In some weeks Defendant's IT manager permitted Plaintiff to report some but not all of his overtime hours in a workweek, in which case Plaintiff was paid overtime at one and one-half (1.5) times his regular hourly rate (as opposed to *regular rate of pay*, see *infra*) for some, *but not all*, overtime hours he worked in excess of forty (40) in a workweek.

41. In some weeks, Defendant's IT manager prohibited Plaintiff from reporting more than forty (40) hours of work in a workweek, in which case Plaintiff was not paid overtime at all for hours he performed in excess of forty (40) in a workweek.

42. Defendant's IT manager regularly required Plaintiff to "comp" his time in lieu of reporting actual overtime hours.

43. In other words, Defendant purported to offer Plaintiff paid time off in lieu of overtime compensation.

44. Under the FLSA, employees must be paid for all time worked and private-sector employers are not permitted to give time off in place of pay. *See* Fact Sheet #7.

45. Section 207(o) of the FLSA permits the use of compensatory time off as a substitute for overtime for public sector employees, but only under the terms and conditions prescribed by the FLSA. 29 U.S.C. § 203(o).

46. Because Defendant is a private-sector employer, it is not covered under Section 207(o) of the FLSA.

47. For example, during the bi-weekly pay period of January 9, 2017 to January 22, 2017, Defendant paid Plaintiff 80 hours of work; Plaintiff worked over 40 hours in a workweek,

that is, over 80 hours in two workweeks; and Defendant failed to pay Plaintiff any overtime during this pay period.

48. Defendant paid Plaintiff a nondiscretionary bonus on a quarterly basis in addition to his hourly pay.

49. The FLSA provides that "…all remuneration for employment paid to employees which does not fall within one of [the] seven exclusionary clauses must be added into the total compensation received by the employee before his regular hourly rate of pay is determined" so as to determine his overtime rate. 29 CFR 778.200 (c).

50. The FLSA further provides that the nondiscretionary bonus "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 C.F.R. § 208.

51. For the weeks where Defendant paid Plaintiff for some, *but not all*, hours he worked in excess of forty (40) in a workweek, Plaintiff was paid a rate of one and one-half (1.5) times his regular hourly rate without having his bonus pay factored into his overtime pay.

52. Defendant failed to include all remuneration, specifically the non-discretionary bonus descried herein, in the IT Support Engineers' *regular rate of pay* before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e) and 29 CFR Part 778.

53. Defendant failed to properly pay Plaintiff and the putative FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their *regular rate of pay* for all hours they worked in excess of forty (40) per week, in violation of 29 U.S.C. § 207(a)(1).

54. Defendant's wrongful acts and/or omissions/commissions, as alleged herein, were not made in good faith or in conformity with and in reliance on any written administrative

7

regulation, order, ruling, approval, or interpretation by the U.S. Department of Labor or any administrative practice or enforcement policy of such a department or bureau.

55. Defendant's widespread violation of the above-described federal wage and hour statutes and regulations was willful, arbitrary, unreasonable and/or in bad faith.

## COLLECTIVE ACTION ALLEGATIONS

56. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

57. Plaintiff brings this action pursuant to Section 216(b) of the FLSA, as an opt-in representative action, for and on behalf of all hourly paid IT Support Engineers who have been affected by Defendant's common policies and practices which include failure to properly pay for all hours worked resulting in deprivation of overtime pay, failure to compensate for time spent working during lunch and post-shift, and failure to factor bonuses into the overtime calculus, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and attendant regulations at 29 C.F.R. § 516, *et seq*.

58. Plaintiff brings this Collective Action pursuant to 29 U.S.C. § 216(b) of the FLSA on his own behalf and on behalf of:

> *All IT Support Engineers employed by Defendant at any time from 3 years prior to the filing of this Complaint through the date of judgment.*

Plaintiff reserves the right to amend this definition as necessary.

59. Plaintiff brings this Collective Action against Defendant to recover unpaid overtime wages, liquidated damages, costs, and attorneys' fees pursuant to 29 U.S.C. § 216(b).

60. The Collective Action further alleges a willful violation of the FLSA and seeks an additional, third year of limitations.

61. Plaintiff seeks to send Notice to hourly paid IT Support Engineers as provided by 29 U.S.C. § 216(b) and supporting case law.

62. Certification of the Collective Action under the FLSA is appropriate because the employees described herein are "similarly situated" to Plaintiff under 29 U.S.C. § 216(b). The class of employees on behalf of whom Plaintiff brings this Collective Action are similarly situated because: (a) they had the same job position and performed the same or similar job duties as one another on behalf of Defendant; (b) they were subject to the same or similar unlawful practices and policies as stated herein; and (c) their claims are based upon the same factual and legal theories.

63. Plaintiff anticipates that there will be no difficulty in the management of this litigation. This litigation presents claims under the FLSA, a type that have often been prosecuted on a class wide basis, and the manner of identifying the Collective and providing any monetary relief to it can be effectuated from a review of Defendant's records.

64. Plaintiff and the putative FLSA Collective members demand a trial by jury.

## FIRST CLAIM FOR RELIEF
(*Individual Claim for Unpaid Overtime under the FLSA*)

65. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

66. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

67. The FLSA provides that the nondiscretionary bonus "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 C.F.R. § 208.

9

68. Defendant employed Plaintiff as a non-exempt hourly paid IT Support Engineer.

69. Plaintiff regularly worked over forty (40) hours per week.

70. Defendant unlawfully required Plaintiff to "comp" his time in lieu of overtime wages.

71. Defendant failed to include all remuneration, specifically the non-discretionary bonus descried herein, in the Plaintiff's *regular rate of pay* before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e) and 29 CFR Part 778.

72. Defendant failed to properly pay Plaintiff overtime wages at a rate not less than one and one-half (1.5) times his *regular rate of pay* for all hours he worked in excess of forty (40) per week, in violation of 29 U.S.C. § 207(a)(1).

73. Defendant's conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

74. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

75. As a result of Defendant's uniform policies and practices described above, Plaintiff was illegally deprived of overtime wages earned, in such amounts to be determined at trial, and is entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## SECOND CLAIM FOR RELIEF
(*Collective Action Claim for Unpaid Overtime under the FLSA*)

76. Plaintiff repeats and realleges all preceding paragraphs of the Complaint, as if fully set forth herein.

77. 29 U.S.C. § 207(a)(1) provides:

> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.

78. The FLSA provides that the nondiscretionary bonus "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based." 29 C.F.R. § 208.

79. Defendant employed Plaintiff and the putative FLSA Collective members as non-exempt hourly paid IT Support Engineers.

80. Plaintiff and the putative FLSA Collective members regularly worked over forty (40) hours per week.

81. Defendant unlawfully required Plaintiff and the putative FLSA Collective members to "comp" their time in lieu of overtime wages.

82. Defendant failed to include all remuneration, specifically the non-discretionary bonus descried herein, in the IT Support Engineers' *regular rate of pay* before statutory overtime compensation is computed, in violation of 29 U.S.C. § 207(e) and 29 CFR Part 778.

83. Defendant failed to properly pay Plaintiff and the putative FLSA Collective members overtime wages at a rate not less than one and one-half (1.5) times their *regular rate of pay* for all hours they worked in excess of forty (40) per week, in violation of 29 U.S.C. § 207(a)(1).

84. Defendant's conduct and practices, as described herein, were willful, intentional, unreasonable, arbitrary and in bad faith.

85. Because Defendant willfully violated the FLSA, a three (3) year statute of limitations shall apply to such violation, pursuant to 29 U.S.C. § 255.

86. As a result of Defendant's uniform policies and practices described above, Plaintiff and the putative FLSA Collective members were illegally deprived of overtime wages earned, in

such amounts to be determined at trial, and are entitled to recovery of such total unpaid amounts, liquidated damages, reasonable attorneys' fees, costs and other compensation pursuant to 29 U.S.C § 216(b).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court grant the following relief against Defendant:

(A) A declaratory judgment that Defendant's wage practices alleged herein violate the overtime provisions of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516, *et seq.*;

(B) An Order for injunctive relief requiring Defendant to comply with the FLSA and end all of the illegal wage practices alleged herein;

(C) Certifying this action as an FLSA Collective Action in accordance with 29 U.S.C. § 216(b) and designating the lead Plaintiff as Collective representative and the undersigned counsel as Collective Counsel;

(D) Ordering Defendant to disclose in computer format, or in print if no computer readable format is available, the names, addresses, e-mail addresses, telephone numbers, dates of birth, job titles, dates of employment and locations of employment of all FLSA Collective members;

(E) Authorizing Plaintiff's counsel to send notice(s) of this action to all FLSA Collective members, including the publishing of notice in a manner that is reasonably calculated to apprise the FLSA Collective members of their rights by law to join and participate in this lawsuit;

(F) Judgment for damages for all unpaid overtime wages to which Plaintiff and the FLSA Collective members are lawfully entitled under the FLSA, 29 U.S.C. § 201, *et seq.,* and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(G) Judgment for liquidated damages pursuant to the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime wages owed to Plaintiff and the FLSA Collective members during the applicable statutory period;

(H) An incentive award for the Lead Plaintiff for serving as representative of the FLSA Collective in this action;

(I) Ordering Defendant to pay Plaintiff and the FLSA Collective members reasonable attorneys' fees and all costs connected with this action pursuant to the Fair Labor Standard Act, 29 U.S.C. §201 *et seq.*;

(J) Judgment for any and all civil penalties to which Plaintiff and the FLSA Collective members may be entitled; and

(K) Such other and further relief as to this Court may deem necessary, just and proper.

## JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands trial by jury on all questions of fact raised by the Complaint.

Dated: March 22, 2018                    Respectfully submitted,

s/*Gregory F. Coleman*
Gregory F. Coleman (TN BPR#014092)
Lisa A. White (TN BPR# 026658)
Adam A. Edwards (TN BPR # 23253)
**GREG COLEMAN LAW PC**
First Tennessee Plaza
800 South Gay Street, Suite 1100
Knoxville, TN 37929
Telephone: (865) 247-0080
Facsimile: (865) 522-0049

greg@gregcolemanlaw.com
lisa@gregcolemanlaw.com
adam@gregcolemanlaw.com

*Local Counsel for Plaintiff*

Jason T Brown (will seek admission *pro hac vice*)
Nicholas Conlon (will seek admission *pro hac vice*)
Ching-Yuan Teng (will seek admission *pro hac vice*)
155 2nd Street, Suite 4
Jersey City, NJ 07302
(201) 630-0000 (office)
(855) 582-5297 (fax)
jtb@jtblawgroup.com
nicholasconlon@jtblawgroup.com
tonyteng@jtblawgroup.com

*Lead Counsel for Plaintiff*