# EXHIBIT A

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between OMNICELL, INC., and all related, allied, and affiliated entities, predecessors, successors, insurers, reinsurers, and current and former officers, Board members, employees, and agents ("OMNICELL") and MICHAEL K. BEARD, and his heirs, successors and assigns ("BEARD"). OMNICELL and BEARD will collectively be referred to as "the Parties."

WHEREAS, BEARD was previously employed by OMNICELL; and

WHEREAS, BEARD's employment with OMNICELL was terminated on or about March 3, 2017; and

WHEREAS, BEARD signed a Release Agreement on March 3, 2017, explicitly acknowledging that he was "been paid all compensation owed and for all hours worked"; and

WHEREAS, on March 22, 2018, BEARD filed a Complaint against OMNICELL in the United States District Court for the Middle District of Tennessee, styled *MICHAEL K. BEARD v. OMNICELL, INC.*, Case No. 3:18-cv-00304 (hereinafter "the Lawsuit"), asserting he was not paid for all compensation owed and for all hours worked under the Fair Labor Standards Act; and

WHEREAS, the Parties agree that both the subject of liability and the amount of any liability are disputed; and

WHEREAS, OMNICELL and BEARD desire to resolve fully and finally any and all claims and/or disputes arising from or related to BEARD's claims for alleged unpaid wages for all hours worked; and

NOW, THEREFORE, in consideration of the above premises and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto agree as follows:

1. In consideration for BEARD's execution of, and compliance with, all the terms and conditions of this Agreement, OMNICELL will pay a total of twenty-five thousand dollars ($25,000.00) to BEARD (the "Settlement Amount"). The Settlement Amount, which is inclusive of all costs, fees, attorney's fees, and other claims for payment or reimbursement by BEARD, shall be paid as follows:

    (a) One check made payable to BEARD in the gross amount of Seven Thousand Nine Hundred and Eighty-Six Dollars and Sixty Cents ($7,986.60), less appropriate withholdings for income, payroll, and employment taxes, for which OMNICELL will issue a Form W-2. Amounts withheld will be based on the W-4 provided by BEARD during his employment with OMNICELL.

    (b) One check made payable to BEARD in the gross amount of Seven

Case 3:18-cv-00304   Document 15-1   Filed 05/21/18   Page 2 of 7 PageID #: 47
Doc ID: aace3fbee636b50618df9caed40254c3f465d634

Thousand Nine Hundred and Eighty-Six Dollars and Sixty Cents ($7,986.60) for BEARD's claims for liquidated damages, for which a Form 1099 will be issued.

(c) One check made payable to the law firm JTB Law Group, LLC in the gross amount of Nine Thousand and Twenty Six Dollars and Eighty Cents ($9,026.80), for reasonable attorneys' fees and costs, for which a Form 1099 will be issued.

BEARD shall be solely responsible for the payment of any of his own attorney's fees, expenses, costs, and any of these charges out of the Settlement Sum.

This Agreement and the payment of the Settlement Amount is expressly contingent upon each of the following: (i) the Court granting the Parties' joint motion for approval of this Agreement, (ii) the Court approving this Agreement; and (iii) BEARD seeking and obtaining the dismissal of the Lawsuit, with prejudice. Once the conditions of (i), (ii), and (iii) are satisfied, OMNICELL will tender the checks outlined in 1(a) – (c) to BEARD's counsel JTB Law Group, LLC at 155 2nd Street, Suite 4, Jersey City, New Jersey 07302, with a tracking number, within ten (10) business days. BEARD's counsel shall be responsible for the delivery of the settlement checks (i.e., 1(a) and 1(b)) to BEARD. OMNICELL's delivery of the settlement checks to BEARD's counsel shall satisfy all of OMNICELL's monetary obligations under this Agreement.

2. BEARD agrees to be solely responsible for and legally bound to make payment of the taxes, if any, which are determined to be owed by BEARD (including penalties and interest related thereto) by any taxing authority on the payments referred to in Paragraph 1. OMNICELL shall be responsible for paying employer's tax contributions (such as FICA, FUTA, SUTA etc.), and any tax consequences related to the employer's taxes. BEARD agrees and understands that OMNICELL has not made any representations regarding the tax treatment of the sums paid pursuant to this Agreement, and BEARD agrees that he is responsible for determining the tax consequences of such payment and for paying taxes, if any, that may be owed by BEARD with respect to such payment.

3. BEARD waives and releases OMNICELL from any and all claims, demands, charges, complaints, liabilities, obligations, actions, causes of action, suits, costs, expenses, losses, attorneys' fees, and damages of any nature whatsoever, known or unknown, for relief of any nature at law or in equity, which BEARD now has, owns or holds, or claims to have, own or hold, or which BEARD at any time heretofore had, owned or held, or claimed to have, own or hold against OMNICELL, for any and all claims relating to unpaid wages, compensation, or overtime against OMNICELL arising under the Fair Labor Standards Act or any other federal or state law or regulation governing the payment of wages.

4. BEARD agrees that (a) he will not apply for or otherwise seek employment with OMNICELL or its divisions, parents, subsidiaries, parents' subsidiaries, affiliates, partners, limited partners and successors; and (b) that OMNICELL has no obligation to employ, hire, reinstate or otherwise engage BEARD in the future. BEARD further agrees and recognizes that if BEARD applies and/or is hired by OMNICELL or its related entities in the future, this Agreement is sufficient and appropriate legal grounds for denying employment and/or terminating BEARD's employment.

Page 2 of 6

Case 3:18-cv-00304   Document 15-1   Filed 05/21/18   Page 3 of 7 PageID #: 49
Doc ID: aace3fbee636b50618df9caed40254c3f465d634

5. BEARD represents and warrants that at no time during the negotiation of, or prior to the execution of, this Agreement has he or anyone related to him disclosed the existence of this Agreement or any of the terms or conditions of this Agreement to any other person or entity, other than his counsel. BEARD agrees that he will keep both the existence of this Agreement and its contents and terms completely confidential and will not disclose them to any third party, except: (i) as may be required by law or court order; (ii) to professionals engaged to provide BEARD accounting advice regarding the taxation of the amounts paid pursuant to this Agreement and/or legal advice; (iii) to his spouse, if applicable; and (iv) solely to the extent necessary in an action to enforce the terms of this Agreement. This confidentiality provision applies to all communications to any person or entity including, without limitation, to the news media, to professional or trade publications, to relatives, and to entities with whom BEARD may seek future employment.

6. BEARD agrees that if questioned regarding the outcome or resolution of the Lawsuit, this settlement, the disposition of the claims, or any other information made confidential by this provision, he can only respond that "the matter has been concluded" or substantially similar words. BEARD agrees not to reveal the existence of this Agreement or the terms and contents of said Agreement. BEARD further agrees that he will not initiate or participate in any communications relating to the Lawsuit. Likewise, BEARD acknowledges that any failure to abide by the confidentiality requirements set forth in this Agreement shall constitute a breach of this Agreement.

7. BEARD agrees that he will refrain from publicly or privately making disparaging, detrimental, negative or defamatory remarks regarding OMNICELL's management, business, products, services, employees, or directors, unless required by law, court order, or subpoena. BEARD also agrees that he will refrain from any action in the future which disparages, defames, is negative, prejudicial, or detrimental to OMNICELL, its businesses, products, services, employees, or directors, unless required by law. BEARD understands and agrees that this restriction prohibits him from making or engaging in disparaging or defamatory remarks and/or conduct to any person or entity, including without limitation, any: (1) member of the general public; (2) current or potential consumers, customers, vendors or suppliers of the OMNICELL; (3) members of the press or other media; or (4) any current, former, or future employee or applicant of OMNICELL.

In response to reference requests regarding BEARD, OMNICELL agrees that it will provide neutral reference information, limited to the dates of employment, title and pay rate, if authorized to provide.

8. BEARD acknowledges and agrees that the difficulty of proving the actual damage or loss suffered by the OMNICELL if there is a breach of Paragraphs 5 – 7 of this Agreement make such a breach appropriate for liquidated damages. Accordingly, instead of requiring any proof of an amount of damages or losses for breach of Paragraphs 5 – 8 of this Agreement, BEARD agrees that, as liquidated damages for any single incident of such a breach (but not as a penalty), he shall pay OMNICELL thirty percent (30%) of the Settlement Amounts in Paragraph 1(a) and (b). This liquidated amount shall be payable after a finding of breach based on proof by

Page 3 of 6

Case 3:18-cv-00304   Document 15-1   Filed 05/21/18   Page 4 of 7 PageID #: 49
Doc ID: aace3fbee636b50618df9caed40254c3f465d634

a preponderance of the evidence. This liquidated damages provision shall not be interpreted so as to require multiple payments if there is only one breach. OMNICELL shall be entitled to its attorneys' fees and costs if it prevails on a claim for a breach of Paragraphs 5 – 8 of this Agreement. Neither the breach of this Agreement nor the payment of liquidated damages shall affect the continuing validity or enforceability of this Agreement.

9. The terms and conditions of this Agreement are in compromise and settlement of disputed claims, the validity, existence, or occurrence of which are expressly denied by OMNICELL. It is understood and agreed by the Parties that this Agreement does not constitute, and shall not in any way be construed as, an admission by OMNICELL of any violation of any federal, state or local constitution, statute, law, ordinance, regulation, public policy or any common law duty. It is further understood and agreed by the Parties that this Agreement does not constitute an admission that OMNICELL has acted wrongfully in any way with respect to BEARD.

10. BEARD represents and warrants that any attorney's fees or costs due or owing are the sole responsibility of BEARD. BEARD agrees to defend entirely at his own expense and to fully indemnify and forever hold OMNICELL harmless from any causes of action, claims or demands that may be brought against OMNICELL by any lawyer claiming attorneys' fees and/or costs for representing BEARD in or relating to the Lawsuit. BEARD further waives any claim or any right to collect attorney's fees or costs from OMNICELL as provided pursuant to any federal or state law, order, rule or regulation regarding any of the claims released in this Agreement.

11. In case any of the provisions contained in this Agreement shall for any reason be held to be invalid, illegal, or unenforceable in any respect, any such invalidity, illegality, or unenforceability shall not affect any other provision of this Agreement, but this Agreement shall be construed as if such invalid, illegal or unenforceable provision has been limited or modified, consistent with its general intent, to the extent necessary to make it valid, legal and enforceable, or if it shall not be possible to so limit or modify such invalid, illegal or unenforceable provision or part of a provision, this Agreement shall be construed as if such invalid, illegal or unenforceable provision or part of a provision had never been contained in this Agreement; provided, however, that should any part of the release be declared invalid, illegal or unenforceable, then the entire Agreement shall be null and void and BEARD shall be obligated to repay to OMNICELL all sums conveyed pursuant to this Agreement, if not previously done. Notwithstanding the foregoing, however, the undersigned acknowledge and agree that the provisions herein are reasonable in content and scope, are a material condition to the delivery of the consideration to BEARD, and are intended to be and shall be enforced to the full extent set forth herein.

12. This Agreement is binding on BEARD and on his successors, administrators, executors, heirs and assigns and shall inure to the benefit of OMNICELL and its successors.

13. This is the complete and final agreement between the Parties and supersedes all prior or contemporaneous agreements, negotiations or discussions with respect to such subject matter. This Agreement may not be amended, modified, or changed orally, but only by

Case 3:18-cv-00304   Document 15-1   Filed 05/21/18   Page 5 of 7 PageID #: 50

Doc ID: aace3fbee636b50618df9caed40254c3f465d634

agreement in writing and signed by the Parties. This Agreement is not intended, and does not, supersede the Release Agreement signed by BEARD on March 3, 2017. The Parties explicitly acknowledge and agree that the Release Agreement remains in full force and effect.

14. If at any time BEARD attempts to question or attack the validity of this Agreement through a lawsuit or otherwise, he will first tender back to OMNICELL the payments made to him under Paragraph 1 of the Agreement. BEARD agrees to do this before bringing any such lawsuit or claim by returning the monies to OMNICELL. The tendering back of the monies paid under this Agreement shall have no effect on the validity or enforceability of this Agreement.

15. BEARD affirms that the only consideration for him signing this Agreement are the terms stated above, that no verbal or written promises or agreements of any kind have been made to or with any party by any person or entity whomsoever to cause him to sign this Agreement, and that he is entering into and signing this Agreement knowingly, voluntarily, and of his own free will.

16. This Agreement is entered into in the State of Tennessee, and shall be governed by the laws of the State of Tennessee and, where applicable, federal law. The Parties further agree that any litigation concerning this Agreement shall be brought in the United States District Court for the Middle District of Tennessee.

17. This Agreement may be executed in counterparts, each of which shall be deemed to be an original, fully enforceable counterpart for all purposes, and all such counterparts together shall constitute one Agreement.

18. This Agreement has been entered into voluntarily and not as a result of coercion, duress, or undue influence. BEARD agrees that he has read and fully understood the terms of this Agreement and has been advised and is advised in this Agreement to consult with an attorney prior to executing this Agreement. BEARD represents to OMNICELL that prior to the execution of this Agreement he has been represented by an attorney and has consulted with that attorney.

BEARD REPRESENTS THAT HE HAS CAREFULLY READ AND FULLY UNDERSTANDS THE PROVISIONS OF THIS AGREEMENT AND THAT HE HAS ENTERED INTO THIS AGREEMENT KNOWINGLY, VOLUNTARILY, AND WITHOUT THREAT OR DURESS.

WHEREFORE, the Parties have read all of the foregoing, understand the same, and agree to all of the provisions contained herein.

MICHAEL K. BEARD

_Michael K. Beard_  
Signature

05/17/2018  
Date

OMNICELL, INC.

By: _____
    Signature

Its: Joe Spears, VP Chief Accounting Officer

5/18/2018
Date

Doc ID: aace3fbee636b50618df9caed40254c3f465d634